PHILIP RAFFERTY's administrators &c., appellants,

*v.*

JOSEPH C. TODD, responaent.

---

*A. B. Woodruff,* for appellants.

I. The bill was filed March 28th, A. D. 1876. The last item in their pretended "secret business" was March 10th, 1869—more than seven years previous. The only item within the six years is a balance stated as of May 1st, 1872, but not proved. Every item of their pretended "secret business" was barred by the statute.

1. It was not an account between merchants, that is, between Todd & Rafferty as merchants.

2. All the items in it are on one side. It is not a mutual account. Here is an account demanded of a business begun in 1858, by a person having not even a claim of interest in it until 1859, carried on before his eyes, with his knowledge, until 1872, in July, and after the person carrying it on is dead and had been for nearly four years, the complainant files his bill for an account against his administrators.

Defences founded on lapse of time are regarded with favor by equity, "for the peace of society." *2 Story's Eq. Jur.* § *1520,* notes *2, 3, and* § *1520 a.*

If the plaintiff or complainant is within the exceptions in the statute, he must state that in his bill. *Story's Eq. Pl.* § *484.* The complainant tried to do this by saying he did not know of it until after Rafferty's death. But this is proved to be false.

Courts of equity, in matters within the statute of limitations, are bound by the statute, as well as courts of law. *2 Story's Eq. Jur.* § *1520 and note 2.*

If "fraud" is proved, court removes the bar of the statute.

Rafferty v. Todd.

For in cases of fraud, statute begins when the fraud is discovered. *2 Story's Eq. Jur. § 1521 a.*

If it began to run in Rafferty's lifetime, it keeps on running. *2 Story's Eq. Jur. § 1521 a; Freake v. Cranefeldt, 3 Myl. & Cr. 499; Scott v. Jones, 4 Cl. & Fin. 382; Coward v. Perrine, 6 C. E. Gr. 102.*

To make the exception as to merchants' accounts, there must be "such connection" between the items as to constitute a running account. *Belles v. Belles, 7 Hal. 339.*

The statute runs over all subsequent disabilities, after it commences. *2 Gr. 288; 3 Gr. 347.*

There must be items on both sides within six years to take case out of the statute. *2 Gr. 545; 3 Harr. 266.* Although in cases of trust the court of chancery is not bound by statute of limitations, in other matters it is. *2 Hal. 357. Barnes v. Taylor, 12 C. E. Gr. 259,* holds over twenty years, delay is fatal. In our case it is seventeen years after the business began.

In *McKnight v. Taylor, 17 Peters 198,* it was held nineteen years and three months barred.

*Bowman v. Jeffersonville, 1 How. 189,* holds twenty years is a bar "to stale demands."

The court only acts when moved by "conscience, good faith and reasonable diligence." *Kane v. Bloodgood, 7 Johns. 90.*

Six years bars in equity as at law. *Ang. on Lim. 73; Prince v. Haylin, 1 Atk. 493.*

Not barred if any one item is within six years, if "merchants' accounts" and "mutual" accounts. But there must be an item on the side of the defendant "giving credit." *Ang. on Lim. 130, 131, 135; Turnbull v. Steoecker, 4 McCord 214.*

II. As a person is only bound to account in cases where account would lie, how is complainant to maintain this bill for an accounting against his partner's administrators.

1. An action of account would not lie by the firm against Rafferty while living.

2. He kept no account with or for the firm, but the reverse— an account strictly between himself individually and his customers.

3. He so kept it adversely to the firm while living. The statute commenced in his lifetime, and had run over six years, as to every item in those accounts kept in this private book of his.

Court will analyze the account and see what is "mutual" and what is barred. *Belles* v. *Belles, 7 Hal. 339; Hibbs* v. *Johnston, 3 Harr. 266.*

The account was between Rafferty and California party, not with Todd or Todd & Rafferty. *Spring* v. *Gray, 6 Peters 151.*

Chancery is "bound" by the statute. *Marks* v. *Oliver's Exrs., 1 McCart. 259; Dean* v. *Dean, 1 Stock. 425; Story's Eq. Jur. 517.*

If not mutual, all over six years is barred. *Coles* v. *Harris, Bull. N. P. 149, 150; Cranch* v. *Kirkman, Peake's N. P. 121; Catling* v. *Skouldring, 6 T. R. 193; Coster* v. *Murray, 5 Johns. Ch. 522; Gulick* v. *Princeton Turnpike, 2 Gr. 545.*

If account be closed over six years it is barred. *Franklin* v. *Camp, Coxe 196; Webber* v. *Twill, 2 Saund. 124; Martin* v. *Dillo, 1 Sid. 465; Bridges* v. *Mitchell, Gilb. Eq. 129, 224; Welford* v. *Liddell, 2 Ves. 400; Rouchandey* v. *Hammond, 2 Johns. 200; Franklin* v. *Camp, Coxe 196.*

And so, if the account is "ended." *Coster* v. *Murray, 5 Johns. Ch. 522; Welford* v. *Liddell, 2 Ves. 400; 19 Ves. 180; Martin* v. *Heathcote, 2 Eden 169; Crawford* v. *Liddell,* cited in *6 Ves. 580; Duff* v. *East End Co., 15 Ves. 198; Barber* v. *Barber, 18 Ves. 286; Ault* v. *Goodrich, 4 Russ. 430; Robinson* v. *Alexander, 2 Cl. & Fin. 717; Taton* v. *Williams, 3 Hare 347.*

Action of account lies not between partners. *Lindley on Part. 729; Colton* v. *Patridge, 4 Man. & Gr. 271.*

Neither the arbitration abandoned, nor non-suit, takes the case out of the operation of the statute. *Irvin* v. *Schooley, 3 Harr. 269; Cowart* v. *Perrine, 3 C. E. Gr. 454; S. C., 6 Id. 101.*

Implied trusts *are* barred by statute; express trusts are *not. Barnes* v. *Taylor, 12 C. E. Gr. 259; McClane* v. *Shepherd, 6 C. E. Gr. 76; Miner* v. *Barnet, 4 Wash. C. C. 631; Ray* v.

*Bogert et al., 2 Johns. Cas. 436 ; Coster v. Murray, 5 Johns. Ch. 522.*

Accounts between partners are not between merchants.   *Carey on Part. 88 ; Bridge v. Mitchell, Bunb. 217; 25 Beav. 421 ; Whitley v. Lowe, 2 De G. & J. 704.*

The amended decree asserts the conclusiveness of the stated account in March, 1872, and if the " business " kept in Rafferty's private books had been known to Todd to have been transacted before that time, that stated account bars the whole of it and any right to have an accounting of it.   *Brown v. Van Dyke, 4 Hal. Ch. 795 ; Hager v. Thompson, 4 Hal. Ch. 495; 1 Bl. 80.*

And the decree should state how far the accounting should extend.   *Izard v. Bodine, 1 Stock. 309*

*Mr. S. Tuttle,* for respondent. .

I. As pleas of the statute of limitations are admitted in courts of equity by analogy only, it follows that where the circumstances of the case are such as to make it against conscience to apply the rule founded upon analogy, the court will not enforce it.   *Coll. on Part. §§ 374, 375.*

Courts of equity interfere in many cases to prevent the bar of the statute of limitations where it would be inequitable or unjust.   *Story's Eq. Jur. § 1521; Bodn v. Hopkins, 1 Sch. & Lef. 413, 431.*

If, therefore, the bill states circumstances of fraud, and that complainant did not become apprised of them till after the period limited by the statute had expired, a plea of the statute of limitations will not prevail.   *Daniell's Chan. Pl. & Pr. 669 ; Gould v. Gould, 3 Story's C. C. 516.*

The principle is admitted, both at law and in equity, that when the statute of limitations is pleaded to an action founded on fraud, a replication which avers ignorance of the fraud until within six years, is sufficient, and the ignorance so averred is traversable.   *Horner v. Fish, 1 Pick. 438 ; First Mass. Turnpike Co. v. Fields, 3 Mass. 201.*

II. It has been expressly laid down that no partner who owes

a duty to another can place himself in a situation which gives him a bias against the discharge of that duty. *Coll. on Part.* § *178 and n. (3)*; §§ *179, 182, 185, 186, 189; Crawshay* v. *Colins, 15 Ves. 227; 3 Kent's Com. (5th ed.) 52 n.; Story on Part. 177, 181; Peacock* v. *Peacock, 16 Ves. 51.*

PER CURIAM.

This decree unanimously affirmed, for the reasons given by Vice-Chancellor Van Fleet in *Todd* v. *Rafferty, 5 Stew. Eq. 256.*

---

THE MAYS LANDING WATER POWER COMPANY, appellant,

*v.*

DANIEL E. ISZARD et al., respondents.

---

*Mr. P. L. Voorhees,* for appellant.

I. The grant by which the power in this case was granted, must be construed by the words of the grant as expressing the intentions of the parties, and cannot be extended. *Ang. on Water Courses* §§ *149, 390; Ashley* v. *Pease, 18 Pick. 268, 275; Garland* v. *Hodson, 46 Me. 511; Washb. on Ease. 277, (1st ed.); Tourtelott* v. *Phelps, 4 Gray 370; Sibley* v. *Hoar, Id. 222; De Witt* v. *Harvey, Id. 486; Pratt* v. *Lamson, 3 Allen 283; Deshon* v. *Porter, 38 Me. 289; Strong* v. *Benedict, 5 Conn. 210; Shed* v. *Leslie, 22 Vt. 498; Society* v. *Low, 2 C. E. Gr. 19; Bischoff* v. *Wethered, 9 Wall. 813; Betts* v. *Menzies, 4 B. & S. 996; Bridge Proprietors* v. *Hoboken Co., 1 Wall. 116; S. C., 2 Beas. 81, 593.*

II. The defendant is not entitled to specific performance as decreed in this case. *Fry on Spec. Perf.* §§ *256, 608, 616, 639,*